UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| SCOTT AUSTIN, RUARK FOX, AND SHAWN BRADY § § | |
| Plaintiffs, § | CIVIL ACTION NO. 7:19-cv-289 |
| § | |
| vs. § | |
| § | |
| CAMPTEK, INC. § | |
| Defendant. § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Scott Austin, Ruark Fox, and Shawn Brady ("Plaintiffs") file this Original Complaint against Defendant CampTek, Inc. ("Defendant"), as follows:

## I. PRELIMINARY STATEMENT

1. CampTek, Inc. was the employer of Plaintiffs. Plaintiffs were employed as Structured Cabling Technicians and part of their job required them to travel to New Mexico regularly. Plaintiff Ruark Fox also worked as a Supervisor for Defendant. Plaintiff Shawn Brady also worked for three months in California and regularly worked over 40 hours per week. Plaintiffs were paid a salary but never received overtime pay for all their hours worked over 40 in a given work week. During their time with Defendant, Plaintiffs typically worked 70-80 hours per week. Yet Plaintiffs did not receive any additional compensation for the hours worked above forty in a week, and thus Defendant denied them overtime pay in violation of federal, New Mexico and California law.

2. Plaintiffs bring this action to recover overtime compensation and all other other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et.*

*seq.* (the "FLSA") and the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) (the "NMMWA").

3. Plaintiff Shawn Brady also brings a claim under the California Labor Code § 500-558 for violations of unpaid overtime.

4. Defendant willfully committed widespread violations of the FLSA, the NMMWA, and the California Labor Code by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II. PARTIES

5. Plaintiffs are individuals residing in Texas who all have worked for Defendant.

6. Defendant CampTek, Inc., is a foreign for-profit corporation with its principle place of business in Canada. CampTek, Inc., can be served through its registered agent for service of process, Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300, Austin, Texas 78744-0000.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

8. This Court has personal jurisdiction over Defendant because it conducts a significant amount of business in Texas and it has had continuous and systematic contacts with Texas and because there is a significant connection between the forum and the specific claims at

issue in this case. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### IV. COVERAGE

10. At all relevant times, Defendant acted and is acting as the employer with respect to Plaintiffs. Defendant was and is responsible for all decisions related to the wages to be paid to Plaintiffs, the work to be performed by Plaintiffs, the locations of work performed by Plaintiffs, the hours to be worked by Plaintiffs, and the compensation policies with respect to Plaintiffs.

11. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

13. At all relevant times, Plaintiffs are or were employees for Defendant who was engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

14. CampTek, Inc., is a world leader in the provisioning of turnkey integrated technology systems dedicated to connecting remote work camps to the rest of the world by designing and deploying communication networks. Defendant conducts business in different parts of Texas, including the Midland-Odessa area, New Mexico, including the Permian Basin, and in California.

15. Plaintiff Scott Austin worked for Defendant as a Structured Cabling Technician from June 3, 2019 until November 15, 2019. Plaintiff Ruark Fox worked for Defendant as a Structured Cabling Technician from March of 2019 until June of 2019 and then, from June of 2019 until December 1, 2019, Plaintiff Fox worked as a Supervisor for Defendant. Plaintiff Fox was not allowed to hire or fire anyone, but rather, only performed manual labor for Defendant. Plaintiff Shawn Brady worked for Defendant as a Structured Cabling Technician from January of 2019 until September of 2019. Plaintiff Brady also spent approximately three months working in California for Defendant.

16. Every week, or virtually every week, that Plaintiffs worked for Defendant, Plaintiffs worked more than 40 hours per week. Plaintiffs regularly traveled to New Mexico to perform their job duties. During Plaintiffs' time with Defendant, Plaintiffs were paid a salary based on hours worked of forty hours per week, without additional compensation for hours worked above forty in a week. While Plaintiffs have not had the opportunity to conduct discovery, they estimate that they worked at least 70-80 hours per week, working three weeks on, one week off (or some variation of this schedule). When Plaintiffs were assigned to jobs in New Mexico, they would regularly work more than 40 hours in a week while there, often working

70-80 hours or more in a week. Thus, Plaintiffs allege that Defendant violated the FLSA, the NMMWA, and California Labor Code by failing to pay them overtime for the time they worked over 40 hours in a given week.

17. No exemption excuses Defendant from paying Plaintiffs overtime rates under the FLSA, the NMMWA, and/or the California Labor Code.

18. Defendant failed to make a good faith effort to comply with the FLSA, the NMMWA, and/or the California Labor Code. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiffs are entitled to liquidated damages for such conduct.

19. Despite Plaintiffs routinely working over 40 hours per week, Defendants failed to pay them an overtime premium at a rate of one-and-one-half times their regular rate for all hours worked in excess of 40 per workweek.

20. Plaintiffs are entitled to receive overtime pay at a rate of one-and-one-half times their regular rate for all hours worked in excess of 40 per workweek.

21. For purposes of this action, the "relevant period" under the FLSA is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

22. Plaintiffs have retained the undersigned counsel to represent them in this action. Pursuant to the FLSA, the NMMWA, and the California Labor Code, Plaintiffs are entitled to recover all reasonable attorney's fees and costs incurred in this action. Also, under the NMMWA, Plaintiffs are entitled to recover treble damages.

## VI. CAUSES OF ACTION

### COUNT ONE - VIOLATIONS OF THE FLSA (All Plaintiffs)

23. The foregoing allegations are incorporated herein by reference.

24. Plaintiffs are or were non-exempt employees of Defendant.

25. Plaintiffs are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

26. Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiffs overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

27. Plaintiffs seek all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### COUNT TWO - VIOLATIONS OF THE NMMWA (All Plaintiffs)

28. The foregoing allegations are incorporated herein by reference.

29. Plaintiffs are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D).

30. Defendant violated and continues to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to

suffer from a loss of income and other damages. Plaintiffs are entitled to treble damages, prejudgment interest, all costs in bringing this action, and all attorneys' fees.

## COUNT THREE - VIOLATIONS OF THE CALIFORNIA LABOR CODE (Plaintiff Shawn Brady only)[1]

31. The foregoing allegations are incorporated herein by reference.

32. California law requires payment of overtime premium pay for all hours worked by non-exempt employees in excess of eight in one day or 40 hours in one week and for the first eight hours on the seventh-straight day of work in one workweek. Lab. Code §510; 8 Cal. Code Regs. § 11160, subd. 3(A). California law further requires payment of double-premium pay for all hours worked by non-exempt employees in excess of twelve hours in one day or in excess of eight hours on the seventh-straight day of work in a single workweek. Lab. Code. § 510; Cal. Code Regs. §11160, subd. 3(A).

33. Plaintiff Shawn Brady regularly worked over 40 hours while he was in California. He also regularly worked more than 8 hours in a day and at least 7 straight days while he was in California. Nonetheless, he was paid a salary, and thus he was not paid overtime or double-time premium wages under California law. Defendant violated the California Labor Code's overtime and double-time provisions in numerous respects, including but not limited to the follows:

    a. Failing to compensate Plaintiff at the proper overtime rate for all hours worked in excess of eight (8) in a workday, forty (40) in a workweek, or on the seventh (7th) straight day in a workweek or at the proper double-time rate for all hours worked in

---

[1] All references to "Plaintiff" in this section shall be to Shawn Brady only, as he is the only one asserting a claim under California law.

excess of twelve (12) in a workday or in excess of eight (8) on the seventh (7th) straight day of work in a workweek for the following categories of hours worked:

i. Time spent on the employer's premises due to the reasonable inability to leave; and

ii. Time spent on-call on the employer's premises and engaged to wait as those terms are defined by California regulations and case law.

34. Plaintiff seeks such overtime and double-time premium wages owed to him for all work performed in California.

35. The exact amount of overtime and double-time premium wages owed will not be fully ascertained until discovery is completed. Until Defendant produces the necessary documents for an accounting, Plaintiff is unable to determine the exact amount of overtime and double-time premium wages owed.

36. Pursuant to Labor Code section 1194, Plaintiff requests the Court to award Plaintiff's reasonable attorney's fees and costs incurred in this action.

## VII. DESIGNATION OF EXPERT WITNESS

37. Plaintiffs designate the following individual as an expert witness in this case:

Josh Borsellino
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
T: 817.908.9861
F: 817.394.2412

As permitted under the FLSA, NMMWA, and the California Labor Code, Plaintiffs seek attorney's fees and case expenses incurred in the prosecution of this matter. Mr. Borsellino may

provide expert opinion testimony regarding the reasonableness and necessity of the attorney's fees and expenses incurred by Plaintiffs in connection with this action. Mr. Borsellino's biography is publicly available at https://dfwcounsel.com/biography/.

## VIII. RELIEF SOUGHT

WHEREFORE, Plaintiffs respectfully request that on a final hearing, Plaintiffs be awarded all relief requested herein, including:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;
b. Liquidated damages in an amount equal to the unpaid overtime compensation;
c. Treble damages in an amount equal to the unpaid overtime compensation;
d. Attorney's fees, costs and expenses; and
e. Pre- and post-judgment interest at the highest rates allowed by law.

Respectfully submitted,

By: /s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Morgan Scott
State Bar No. 24106412
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com
morgan@oilfieldovertime.com